IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Action No. 13-cr-224-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JAMES CHAPMAN,

    Defendant.

### ORDER DENYING VARIOUS MOTIONS FILED BY DEFENDANT AND ORDER TO SHOW CAUSE

Before the Court are several *pro se* motions ("Motions") filed by Defendant James Chapman:

- MOTION to Set Aside Judgment (ECF No. 140);
- MOTION to Appoint Counsel (ECF No. 141);
- MOTION for Order (ECF No. 142);
- MOTION for Appointment of Counsel (ECF No. 148); and
- MOTION for Order (ECF No. 150).

The Government filed a response to the Motions at ECF Nos. 140–42. (ECF No. 146.) The Court did not direct the Government to respond to the Motions at ECF Nos. 148 and 150.

For the following reasons, the Motions are denied.

1

## I.     ANALYSIS

The Court has reviewed the Motions and determined that they assert arguments the undersigned has already repeatedly rejected in prior Orders.  Specifically, as best the Court can tell, Chapman appears to argue that he was "wrongfully imprisoned" and therefore seeks to set aside his criminal convictions and advance various civil rights claims against the Aurora Police Department.  (*See, e.g.*, ECF No. 140 at 2.)

But the Court has already repeatedly endeavored to explain to Chapman "that a claim seeking damages against the Aurora Police Department is not cognizable in his criminal case."  (ECF Nos. 138, 133.)  And with respect to the relief Chapman claims to seek in this *criminal* case, the Court advised him that it lacks jurisdiction to set aside his criminal judgment where, as here, he is no longer incarcerated.  (*See* ECF No. 133 at 2 ("If Mr. Chapman wishes to pursue any claims in a 28 U.S.C. § 2255 motion, he must file an appropriate motion presenting those claims to the Court.  Mr. Chapman is advised that the Court has jurisdiction to consider a motion to vacate under 28 U.S.C. § 2255 only if he remains in custody with respect to his conviction and sentence in this case.").)

The Court has likewise repeatedly rejected Chapman's request for the appointment of counsel "to pursue a motion to vacate under 28 U.S.C. § 2255 and to seek damages from the Aurora Police Department."  (ECF No. 133 at 1; *see also* ECF No. 135 ("ORDER denying Defendant's Motion for Appointment of Counsel and/or Rule on Motion 2255 Prepared 'By Deceased' Attorney 134.  Defendant's Motion is DENIED for the same reasons as stated in the Court's 133 Order.").)

All that aside, the Motions are both incomprehensible and conclusory. For example, while Chapman repeatedly alludes to having "newly discovered evidence" to present, he does not explain what that evidence is. (ECF No. 142 at 1.) As another example, Chapman claims he is owed $85,400,000, but he does not elaborate as to how he got to this figure. (ECF No. 150.) The Court has no idea why he believes he is owed such money, let alone such an extraordinary amount.

For these reasons, the Motions are denied.

## II.   FILING RESTRICTION

Despite the Court's best efforts to educate Chapman about the requirement that parties (*pro se* or otherwise) must avoid filing non-frivolous motions, Chapman has continued to do just that: file frivolous motions. For this reason, the Court concludes that imposing a filing restriction may be appropriate here.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). "Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.*

Given Chapman's copious and redundant filings in this case, the Court is considering imposing a restriction enjoining him from filing any further *pro se* documents in this case without prior leave of Court. *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340,

1345 (10th Cir. 2006). Before doing so, however, the Court will give Chapman an opportunity to explain why he believes that such an Order is not appropriate. The Court will also give the Government an opportunity to respond, should it choose to do so.

### III.   CONCLUSION

For all these reasons, the Court orders as follows:

1. The Motions are DENIED. (ECF Nos. 140–42; 148; 150.)

2. By no later than **March 6, 2026**, Chapman shall file a response to this Order showing cause for why he should not be enjoined from filing any further *pro se* documents in this case without first seeking and obtaining leave of Court to do so;

3. By no later than **March 13, 2026**, the Government shall file a reply to Chapman's response, if it chooses to do so; and

4. No further reply from Chapman will be permitted.

Dated this 18th day of February, 2026.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge